IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE EARL BAKER, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> GREGORY C. WARDE, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 09-4922 CRB (PR) <br><br> ORDER OF DISMISSAL |

Plaintiff, a prisoner at the California Correctional Center in Susanville, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on June 9, 2009, as he was entering his cell at San Quentin State Prison, he was struck by a metal pipe that fell from the tier above due to contract workers being careless and not following proper safety procedures and regulations.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint
2  "is frivolous, malicious, or fails to state a claim upon which relief may be
3  granted," or "seeks monetary relief from a defendant who is immune from such
4  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri
5  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7  elements:  (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.     Legal Claims

11       Although regrettable, plaintiff's allegations must be dismissed for failure
12  to state a claim under § 1983 because they amount to no more than a claim for
13  negligence or gross negligence and it is well-established that neither negligence
14  nor gross negligence is actionable under § 1983 in the prison context.  See
15  Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  Plaintiff is free to pursue
16  such a claim in the state courts, however.

### CONCLUSION

18       For the foregoing reasons, the complaint is DISMISSED for failure to
19  state claim under the authority of 28 U.S.C. § 1915A(b).

20       The clerk shall enter judgment in accordance with this order, terminate all
21  pending motions as moot and close the file.

22  SO ORDERED.

23  DATED:  Oct. 28, 2009                     _____
                                              CHARLES R. BREYER
24                                            United States District Judge

G:\PRO-SE\CRB\CR.09\Baker, W1.dismissal.wpd

28                                              2